IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE MONTANO,

    Plaintiff,

v.                                                        CIV 13-1149 KBM/SMV

GEORGE GARY DUNCAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on that Defendant's Motion to Dismiss for Failure to State a Claim *(Doc. 6)*, which was fully briefed on April 2, 2014. Pursuant to 28 U.S.C. § 636 and FED. R. CIV. P. 73, the parties have consented to me serving as the presiding judge and conducting all proceedings, including trial. Having given due consideration to the briefs submitted by the parties, the Court finds the motion to dismiss without merit. The Court further finds that it should refrain from ruling on Defendant's Amended Motion for Summary Judgment *(Doc. 13)* until Plaintiff has had the opportunity to conduct the discovery set forth in the declaration accompanying his Rule 56(d) Motion *(Doc. 16)*.

Defendant seeks dismissal of the Second Claim for Relief which is brought pursuant to the New Mexico Unfair Practices Act ("NMUPA"). To state a viable claim under Section 57-12-2(D) of the NMUPA, a plaintiff must allege "a false or misleading oral or written statement . . . knowingly made in connection with . . . the collection of

debts by a person in the regular course of the person's trade or commerce that may, tends to or does deceive or mislead any person." In the Complaint, Plaintiff does just that.

Plaintiff Montano alleges that: Defendant Duncan is a debt collector who regularly collects debts; in attempting to collect a debt from Plaintiff, Duncan made numerous misleading misrepresentations of material fact[1] and omitted material facts, setting those out in the Complaint at ¶¶ 13-15, 17, 18, 21; and Plaintiff was injured by those misrepresentations and omissions. As to Defendant's argument that there are insufficient factual allegations of "willful" conduct, that inquiry is relevant but only in the context of whether treble damages are available for a violation of the NMUPA. Therefore, the motion to dismiss will be denied.

The Court further finds that Plaintiff has met his burden to demonstrate that he "cannot present facts essential to justify [his] opposition" to Defendant's pending motion for summary judgment. FED. R. CIV. P. 56(d). Therefore, the Court will not address a summary judgment motion until after Plaintiff has conducted the discovery set forth in the Rule 56(d) Declaration accompanying Plaintiff's Motion to Postpone Ruling *(Doc. 16)*.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim *(Doc. 6)* is **denied.**

---

[1] As an example, Plaintiff alleges that he was to make monthly payments on the real estate contract at issue in the amount of $479.11, but in his letters to Plaintiff, Defendant Duncan "overstates the amount of the monthly payments . . . as $491.01." Complaint at ¶¶ 7, 20.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Postpone Ruling on Defendant's Motion for Summary Judgment *(Doc. 16)* is **granted**.  Defendant's Amended Motion for Summary Judgment *(Doc. 13)* is therefore **denied** without prejudice to re-filing of the motion at the conclusion of the discovery outlined in the Rule 56(d) Declaration *(Doc. 16-1)*.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE